**O'BRIEN v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.**

No. 7741.

United States District Court
W. D. Missouri, W. D.

May 5, 1953.

Hudson, Whitcraft & Cavanaugh, Kansas City, Mo., for plaintiff.

Henry G. Eager of Blackmar, Newkirk, Eager, Swanson & Midgley, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Numerous questions on procedure have been raised by the parties in the above case. Heretofore rulings have been made in relation to the subject of interrogatories. The present effort to take depositions and the motion to disallow said depositions or restrict them as provided in Rule 30(b), Federal Rules of Civil Procedure, 28 U.S.C.A., arises from the effort of counsel to circumvent the rulings heretofore made. The issues in the case are sharply drawn. No question but that the decedent, Kenneth L. O'Brien, became an insured of the defendant at the time and in the manner alleged by the plaintiff. The policy, however, contained a provision that liability would not accrue against the defendant if the death of the assured resulted from an act of "committing or attempting to commit an assault or felony."

It is alleged in the answer that the death of the assured occurred within the exception provided in the policy. The plaintiff, therefore, is advised of the grounds of refusal to pay. Depositions of investigators for the defendant is now sought for the purpose of showing that the basis for refusal to pay was groundless. It is the law that damages for vexatious refusal to pay must be based upon acts of the insurer preceding the filing of suit. Howard v. Aetna Life Ins. Co., 350 Mo. 17, 164 S.W.2d 360, loc. cit. 366. The Supreme Court of Missouri said, " * * * the general rule is that the vexatious conduct must be before the suit is filed."

The court will take judicial notice of prior motions and the rulings made thereon, and it appears from these that the plaintiff now seeks to make inquiry of investigators who were aiding counsel in preparation of the case for trial after the suit was filed. Under such circumstances such evidence would be wholly irrelevant and incompetent on the issues detailed by

the plaintiff, that is to say, the defendant had vexatiously refused to pay the claim.

According to the pleadings the issue is a simple one, as to how the assured came to his death. If it may appear from the evidence at the trial that the assured came to his death as alleged in the complaint and that there was no substantial issue of fact on that question, then plaintiff would be entitled to an instruction on the subject of vexatious refusal to pay.

Upon the pleadings the principal question is whether the plaintiff is entitled to recover at all. This should first be resolved, and the question of vexatious refusal to pay would follow in sequence. It will be the order of the court that the depositions sought be denied to the plaintiff.